Filed 11/17/23  P. v. Gutierrez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097551 |
| Plaintiff and Respondent, | (Super. Ct. No. CM015323) |
| v. | |
| PEDRO GUTIERREZ, | |
| Defendant and Appellant. | |

In 2003, defendant Pedro Gutierrez was convicted of two counts of lewd and lascivious acts upon a child under the age of 14 years (Pen. Code, § 288, subd. (a))[1] and one count of failing to register as a sex offender (§ 290).  He was sentenced to an aggregate term of 24 years four months, which included enhancements for two prior prison terms (§ 667.5, subd. (b)) and a prior sexual offense conviction (§ 667.51,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (a)).  In 2022, the trial court found Gutierrez's sentence included a now invalid enhancement under section 1172.75 (former section 1171.1) and set the matter for resentencing.  The trial court struck Gutierrez's prior prison term enhancements and made no further modifications to the sentence.  On appeal, Gutierrez argues the court erred by failing to strike his prior sexual offense conviction enhancement under section 1385, subdivision (c), as the court did not consider and afford great weight to the fact that the enhancement was over five years old and resulted in a sentence of over 20 years.  Because the record is ambiguous as to whether the trial court made an informed sentencing decision not to strike the five-year prior conviction enhancement, we will vacate the sentence and remand for resentencing.

BACKGROUND

We omit a summary of the facts underlying Gutierrez's convictions because they are not relevant to the issue raised on appeal.

In August 2022, the trial court reviewed the records on file in this case and found Gutierrez "was convicted of an enhancement" described in section 1172.75.[2]  The trial court appointed counsel and placed the matter on calendar for resentencing pursuant to section 1172.75.

At the October 2022 resentencing hearing, defense counsel stated:  "I think there is only one issue . . . on the 667(a) [*sic*] petition which is the nickel prior.  That was mandatory at originally the sentencing.  It's now discretionary.  However, if the

---

[2]  The record is silent as to whether the Department of Corrections and Rehabilitation provided Gutierrez's name and case number to the trial court prior to the resentencing. (See § 1172.75, subd. (b).)  We presume the Department of Corrections and Rehabilitation performed its duty by the statutory deadline of July 1, 2022, approximately one month before the trial court recalled and resentenced Gutierrez in this case. (See Evid. Code, § 664.)

prison prior[3] is over five years in the past, then it is no longer valid. [¶] And on that issue, then, I would be submitting it. So, striking the (b) allegation is mandatory. The (a) allegation should be stricken based on the fact that it's over five years in age." The prosecutor submitted as to the prior prison terms, but noted "[a]s it relates to the nickel prior, that should still be valid. . . . At the time of the filing of this case, it was over five years old, but that does not invalidate it as a nickel prior. [¶] So I would ask the Court to strike the prior prison terms and keep everything else as stated." The trial court then stated, "The Court is going to strike the two prior prison terms under Penal Code 667.5(d) [*sic*]. That will be the extent of the modifications of the sentence."

DISCUSSION

Gutierrez contends the trial court erred in resentencing under section 1172.75 by failing to dismiss the prior conviction enhancement in accordance with the requirements of section 1385. Specifically, Gutierrez contends the trial court failed to consider and afford great weight to two enumerated mitigating circumstances under section 1385, subdivision (c), that the prior conviction: (1) was over five years old; and (2) resulted in a sentence over 20 years. The People respond that Gutierrez has failed to demonstrate the trial court abused its discretion. The People also argue Gutierrez forfeited the claim that the enhancement should have been dismissed as it resulted in a sentence over 20 years by failing to raise that claim in the trial court.

Section 1172.75 expressly provides that if a judgment includes a qualifying prior prison term enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) At any such resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to

---

[3] It appears defense counsel misspoke in referencing the prison prior and the statutory reference for the "nickel prior," in this case that prior conviction enhancement is under section 667.51, subdivision (a).

3

eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

One such change in law since Gutierrez's original sentencing were amendments to section 1385, which now provides: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c).) The mitigating factors include (1) the application of an enhancement could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)) and (2) the enhancement is based on a prior conviction that is over five years old (§ 1385, subd. (c)(2)(H)).

As the parties acknowledge, there is currently a split among the Courts of Appeal, as to the interpretation of the requirement to "afford great weight" to the mitigating circumstances. (*People v. Walker* (2022) 86 Cal.App.5th 386, 391 ["mandate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that dismissal of that enhancement—with the resultingly shorter sentence—would endanger public safety"], review granted Mar. 22, 2023, S278309; *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096-1098 [ultimate question remains whether dismissal is in furtherance of justice and trial court retains discretion to impose enhancements without a public safety determination, even if one or more of the mitigating circumstances are established], review granted Apr. 12, 2023, S278894; *People v. Anderson* (2023) 88 Cal.App.5th 233, 239-241 [dismissal is not mandatory, trial court retains discretion to dismiss enhancements in furtherance of justice], review granted Apr. 19, 2023, S278786.) This

4

issue is currently under review and the California Supreme Court will ultimately decide the parameters of a trial court's discretion under amended section 1385.

Our resolution of this case, however, does not require us to weigh in on this split of authority. What is plain in the statutory language of section 1385, subdivision (c) is that the trial court is now obligated to *consider* certain mitigating factors when exercising its discretion whether to dismiss enhancements and compliance with such a statutory mandate cannot be inferred from an ambiguous record. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 836-837 (*Panozo*) [court's compliance with statutory mandate to consider qualifying service-related conditions as mitigating factor in sentencing combat veterans could not be inferred from an ambiguous record].)

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, . . . the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Moreover, this type of error may fall within a narrow class of sentencing issues that are reviewable in the absence of a timely objection. (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.) In the interest of fairness and judicial economy, we will exercise our discretion to consider the claims as to both mitigating factors. (*Ibid.*)

We recognize that resentencing in this case took place approximately 10 months after the effective date of the amendments to section 1385 and, as an appellate court, we generally presume the trial court was aware of and followed the applicable law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) That presumption may be rebutted, however, when the record is ambiguous as to whether the court understood its statutory obligations

5

to consider mitigating factors before making discretionary sentencing decisions. (*Panozo, supra*, 59 Cal.App.5th at p. 839; *People v. Ochoa* (2020) 53 Cal.App.5th 841, 853.)

There is no evidence the trial court was aware of its statutory obligations under section 1385 to consider the furtherance of justice, the presence of specified mitigating circumstances, and danger to public safety. (§ 1385, subd. (c).) The record shows the parties were primarily focused on the application of section 1172.75. The parties did not reference section 1385, despite the presence of two mitigating circumstances listed in section 1385, subdivision (c)(2), or explain the court was required to consider these factors in mitigation. The only discussion of a mitigating circumstance was defense counsel's incorrect assertion that the prior conviction was now "invalid" because it was over five years old. The prosecutor responded that the prior conviction was not invalid, but did not refer to section 1385 or argue that dismissal of the enhancement would endanger public safety or was not in furtherance of justice.

Although there were two mitigating circumstances under section 1385, subdivision (c)(2), the record does not reflect that the trial court considered public safety or was in furtherance of justice in exercising its discretion. Nothing in our record supports the inference that the trial court realized the relevance of the age of the prior conviction to its sentencing discretion under amended section 1385 or that the court undertook the analysis that section 1385 now requires. On this record, we cannot say it is clear the trial court recognized its statutory obligation and the new parameters of its discretion under section 1385, subdivision (c) and declined to exercise its discretion to dismiss the prior conviction enhancement. (See *Panozo, supra*, 59 Cal.App.5th at pp. 838-839.) On such an ambiguous record, it is appropriate to remand the matter to the trial court for resentencing to fulfill its statutory obligation under section 1385.

6

# DISPOSITION

The sentence is vacated.  The matter is remanded to the trial court for resentencing.

                                                    /s/

                                         BOULWARE EURIE, J.

We concur:

      /s/

HULL, Acting P. J.

      /s/

MESIWALA, J.

7